IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02355-CMA-MEH

MICHAEL L. MACGOWAN, JR.,

    Plaintiff,

v.

PETER STRAPP, individually and in his official capacity as Magistrate of the Combined Court of District 17, Adams County Colorado,
THOMAS ENSOR, individually and in his official capacity as Reviewing Judge of the Combined Court of District 17, Adams County Colorado, and
JOHN SUTHERS, Attorney General, in his capacity as the Attorney General for the state of Colorado,

    Defendants.

---

## RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Preliminary Injuncition [sic]/Petition for Temporary Protection Order/Sworn Affidavit [filed October 1, 2009; docket #2] and Plaintiff's Petition for Emergency Hearing Regarding TRO Motion [filed October 5, 2009; docket #3-2]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the motions are referred to this Court for recommendation. (Docket #4.) The matter has not been fully briefed, but as a matter of law the Court issues its recommendation. Oral argument would not materially assist the Court in adjudicating these motions. For the reasons set forth below, the Court recommends Plaintiff's motions be **denied without prejudice**, and this matter be **dismissed without prejudice** due to absolute judicial immunity and lack of subject matter jurisdiction.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

Plaintiff initiated this action on October 1, 2009, pursuant to Section 1983. (Docket #1.) Nothing on the docket indicates any of the three named Defendants have been served. Plaintiff alleges Defendants, in their official capacities as a magistrate, judge, and attorney general respectively, have violated his First, Fifth, and Fourteenth Amendment rights. (*Id.* at 2.) The Court discerns that Plaintiff's case arises from a dispute over custody of certain minor children, including disagreement over whether the children should live in Texas or in Colorado. Plaintiff contests how the Colorado state court system has handled the custody issue and requests this Court for injunctive relief, prohibiting Defendants from conducting court actions "without certification, stay all orders regarding residence of the minors in the case pending completion of a mandate for the Colorado court to issue facts, findings and conclusions of law and preserve the status quo of the residence of D. Macgowan in Texas." (*Id.* at 12.) Plaintiff represents that a hearing is presently set in state court. (*Id.* at 11.)

As stated by Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Harris v. Illinois-Cali. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). "Subject matter may not be conferred on a federal court by stipulation, estoppel, or waiver." *United States v. Burch*, 169 F.3d

---

assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

666, 668 (10th Cir. 1999) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "This question the court is bound to ask and answer for itself, even when not otherwise suggested." *Pennaco Energy, Inc. v. U.S. Dep't of the Interior*, 377 F.3d 1147, 1155 n.4 (10th Cir. 2004) (citing *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). As further described below, the Court finds absolute judicial immunity and the *Younger* abstention doctrine clearly preclude Plaintiff's Complaint, and thus, this lawsuit should be dismissed without prejudice.

**I.     Absolute Immunity: Defendants Stapp and Ensor**

Judges enjoy absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). This means "judges acting in their judicial capacity are absolutely immune from liability under section 1983." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (citing *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). There are only two exceptions to this absolute immunity: actions taken outside the judicial capacity; and actions taken in the "complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). The claims lodged by Plaintiff against Defendants Stapp and Ensor stem from actions undertaken as a part of their judicial duties, and as such, are barred by absolute immunity.

**II.    *Younger* Abstention Doctrine**

This case raises issues similar to the Tenth Circuit's evaluation in *Chapman v. Oklahoma*, 472 F.3d 747 (10th Cir. 2006). In *Chapman*, the Tenth Circuit reviewed an appeal by an individual challenging alleged constitutional violations in the family court system of the State of Oklahoma. The *Chapman* plaintiff filed suit against the State of Oklahoma, the Governor of Oklahoma, the Attorney General, and the Chief Justice of the Oklahoma Supreme Court in their official capacities.

3

472 F.3d at 748. The lower court found that the *Rooker-Feldman* doctrine barred the *Chapman* plaintiff's claims, but the Tenth Circuit determined that because the plaintiff's "state court proceedings ha[d] not reached the end of the state courts' appeal process," the *Rooker-Feldman* doctrine did not apply. *Id.* at 749. However, the Tenth Circuit held the *Younger* abstention doctrine barred the plaintiff's suit and affirmed dismissal, albeit without prejudice. *Id.* at 750.

*Younger* requires that federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is jurisdictional. *See Steel Co. v. Citizens for a Better Env.,* 523 U.S. 83, 100 n.3 (1998) (distinguishing case cited by dissent in support of hypothetical jurisdiction as decided on "*Younger* abstention, which we have treated as jurisdictional"). The Court must address this at the outset because a determination that the Court lacks jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge. Indeed, as previously described, a federal court has no power to decide an issue if it lacks jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Courts may address jurisdictional issues in any order they find convenient. *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004).

Pursuant to the *Younger* abstention doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L.*, 392 F.3d at 1227-28. If a party is seeking equitable relief, the Court may dismiss the suit under abstention principles "because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 721 (1996) (quoting *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496,

4

501 (1941)). Thus, an analysis of abstention principles is warranted here. The Court must abstain from exercising jurisdiction if:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman*, 472 F.3d at 749 (citations omitted).

The three conditions are met in this case. First, Plaintiff's request for relief describes current actions in the Colorado court, Plaintiff's Complaint alleges a scheduled state hearing, and Plaintiff's motion for a hearing represents that a warrant has been issued for his arrest from Adams County state court. (Docket #1 at 11-12; docket #3-2 at 3.) Second, Plaintiff fails to demonstrate in his pleadings that the state court is not an adequate forum to hear his constitutional challenges to the proceedings, other than his general disagreement with the state court's decisions. *See* 472 F.3d at 749-50 (citing *cf. Crown Point I, LLC, v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (holding that state court was inadequate forum where state court held that plaintiff was collaterally estopped from raising constitutional challenges); *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1274 (10th Cir. 2002) (holding that *Younger* abstention cannot be avoided by purported class action as long as individual relief can be provided by state court). Finally, as emphasized by the Tenth Circuit, "the Supreme Court has long held that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" 472 F.3d at 750 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Therefore, pursuant to *Younger*, the Court must abstain from hearing Plaintiff's claims in this matter.

Accordingly, the Court **RECOMMENDS** as follows:

Plaintiff's Motion for Preliminary Injunciton [sic]/Petition for Temporary Protection Order/Sworn Affidavit [filed October 1, 2009; docket #2] be **denied without prejudice**;

Plaintiff's Petition for Emergency Hearing Regarding TRO Motion [filed October 5, 2009; docket #3-2] be **denied without prejudice**; and

Plaintiff's Complaint be **dismissed without prejudice** due to absolute judicial immunity and lack of subject matter jurisdiction.[2]

The Scheduling Conference set for December 17, 2009, is hereby **vacated**.

Dated at Denver, Colorado, this 13th day of October, 2009:

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).