**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02355-CMA-MEH

MICHAEL L. MACGOWAN, JR.,

      Plaintiff,

v.

PETER STRAPP, individually and in his official capacity as Magistrate of the Combined Court of District 17, Adams County Colorado,
THOMAS ENSOR, individually and in his official capacity as Reviewing Judge of the Combined Court of District 17, Adams County Colorado, and
JOHN SUTHERS, Attorney General, in his capacity as the Attorney General for the state of Colorado,

      Defendants.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 13, 2009 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the October 13, 2009 recommendation by the

Magistrate Judge that Plaintiff's Motion For Preliminary Injunction[sic]/Petition for

Temporary Protection Order/Sworn Affidavit be denied without prejudice, Plaintiff's

Petition for Emergency Hearing Regarding TRO Motion be denied without prejudice,

and Plaintiff's Complaint be dismissed without prejudice (Doc. # 7).  Plaintiff has

objected to this recommendation (Doc. # 11).  In light of the objections, the Court

has conducted the requisite *de novo* review of the issues, the recommendation, and

Plaintiff's objections.

For the reasons stated below, the Court ADOPTS and AFFIRMS the Magistrate Judge's recommendations.

## I.  BACKGROUND

A more detailed recitation of the factual and procedural background is set out in the Magistrate Judge's recommendation.  Briefly, Plaintiff, who is proceeding *pro se*, filed a complaint on October 1, 2009, pursuant to 42 U.S.C. § 1983 (Doc. # 1).  Plaintiff alleges Defendants, in their official capacities as a magistrate, judge, and attorney general, respectively, have violated his First, Fifth, and Fourteenth Amendment rights. (*Id.* at *2.*)  Plaintiff is contesting how the Colorado state court system handled a custody dispute over his minor children, including a disagreement over whether the children should live in Texas or Colorado.  Plaintiff requests this Court to issue an injunction prohibiting Defendants from conducting any further state court actions (Doc. # 1 at 12). Plaintiff represents that a hearing is presently scheduled in state court.  (*Id.* at 11.*)

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed.R.Civ.P. 72(b)(3).  An objection is properly made if filed within 10 days of the Magistrate Judge's recommendation and specific enough to enable "the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute."  *U.S. v. One Parcel of Real Property Known As 2121 East 30th*

*Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In this case, Plaintiff is proceeding *pro se* and is thus entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

### III.  ANALYSIS

The Magistrate Judge recommends that this matter be dismissed without prejudice on the grounds of *Younger* abstention and absolute judicial immunity. Plaintiff objects to both grounds for dismissal. This court has conducted the requisite de novo review and addresses both issues below.

### A.    YOUNGER ABSTENTION

According to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger* abstention is a jurisdictional question. *See Stell Co. V. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3

-3-

(1998).  A case falls within the *Younger* doctrine if three requirements are met: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests typically resolved by application of state law.  *See Weitzel v. Division of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).  If the three requirements are met, a federal court has no choice but to abstain from hearing the case.  *Id.* at 875 ("the district court must abstain once the conditions are met").

The three *Younger* conditions are met in this case.  First, Plaintiff is involved in a state civil proceeding that is ongoing.  (Doc. # 1 at 11-12; Doc. # 3-2 at 3.  Second, Plaintiff has not shown that the state court is not an adequate forum to hear his constitutional challenges to the state family court system.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 1528, 95 L. Ed. 2d 1 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").  Rather, Plaintiff makes conclusory allegations to support his action, stating "[t]he federal system is being asked to intervene in a case where there appears to be an infinite and compounding feedback loop of illegal activities by alleged justices in the state system."  (Doc. # 11 at 10.)  At another point, Plaintiff states, "[u]sing the police to enforce temporary illegal orders is civil war at best and terror at worst."  *Id.*  Third, the Supreme Court has long held that "[t]he whole subject

of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed. 2d 468 (1992).

For these reasons, this Court concludes that it must abstain from hearing Plaintiff's claims.

## B.    DEFENDANTS STAPP AND ENSOR – ABSOLUTE IMMUNITY

As the Magistrate Judge made clear in his recommendation, Defendants Stapp and Ensor enjoy absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).  There are only two exceptions to this absolute immunity: actions taken outside the judicial capacity and actions taken in the complete absence of all jurisdiction.  *See Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).

Plaintiff alleges that "[s]ince multiple justices are involved affecting multiple parties, their acts meet the acts of terrorists and should be adjudicated accordingly." (Doc. # 11 at 4)  Additionally, Plaintiff alleges that the "lower court has proven itself to be completely outside its jurisdiction from subject matter and appears to be equal to that of a state of anarchy with complete disregard for due process."  *Id.*  Although mindful of its duty to liberally construe Plaintiff's allegations, this Court finds that neither of the two exceptions to the doctrine of absolute judicial immunity are met in this case.

For these reasons, even if the *Younger* abstention doctrine did not apply, the claims against Defendants Stapp and Ensor would be barred by absolute judicial immunity.

## C.   DEFENDANT SUTHERS – NO VALID CLAIM

Plaintiff has not made any cognizable claims as to Defendant Suthers, the Attorney General for the State of Colorado.  There is no statement in the pleadings as to what Defendant Suthers specifically did that violated Plaintiff's constitutional rights. The Court recognizes that Plaintiff is proceeding pro se, and therefore he is entitled to a liberal construction of the pleadings.  However, even reading the pleadings broadly does not relieve the Plaintiff of the burden of alleging some facts on which a recognized legal claim could be based.

For these reasons, even if the *Younger* abstention doctrine did not apply, the claim against Defendant Suthers would be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1.      Plaintiff's objections (Doc. # 11) are OVERRULED;

2.      The Recommendation of the United States Magistrate Judge (Doc. # 7) is APPROVED AND ADOPTED as an order of this Court;

3.      Plaintiff's Motion for Preliminary Injuncition[sic]/Petition for Temporary Protection Order/Sworn Affidavit (Doc. # 2) is DENIED;

      4.     Plaintiff's Petition for Emergency Hearing Regarding TRO Motion (Doc.

# 3-2) is DENIED; and

      5.     Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE due to

absolute judicial immunity and lack of subject matter jurisdiction.

      DATED:  October __30__, 2009

                                       BY THE COURT:

                                       _____

                                       CHRISTINE M. ARGUELLO
                                       United States District Judge