IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02355-CMA-MEH

MICHAEL L. MACGOWAN, JR.,

    Plaintiff,

v.

PETER STRAPP, individually and in his official capacity as
   Magistrate of the Combined Court of District 17, Adams County Colorado,
THOMAS ENSOR, individually and in his official capacity as
   Reviewing Judge of the Combined Court of District 17, Adams County Colorado, and
JOHN SUTHERS, Attorney General, in his capacity as the Attorney General
   for the State of Colorado,

    Defendants.

## ORDER REGARDING RECONSIDERATION

This matter is before the Court on Plaintiff's "Petition for Reconsideration Following Final Order" and "Petition for Extension of Time for Reconsideration." (Doc. ## 14, 15.)

The Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Although Plaintiff does not cite to a specific rule in support of either motion, the Court, heeding its obligations under *Hainers v. Kerner*, construes Plaintiff's motions as if it they were made pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment. *Hall*, 935 F.2d at 1110 (citing Haines, 404 U.S. at 520-21)). "Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice." *Figueroa v. American Bankers Ins. Co. of Florida*, 517 F. Supp.2d 1266, 1270 (D. Colo. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)

In his "Petition for Reconsideration Following Final Order", Plaintiff moves the Court to reconsider its Order affirming the October 13, 2009 recommendation by the Magistrate Judge, citing "the spirit in which leniency is granted to a *pro se* litigant". (Doc. # 14 at 1.)  In his "Petition for Extension of Time for Reconsideration", Plaintiff asks the Court to wait thirty days before ruling on his first Petition, so to keep the case active pending a "pleading with the governor of Colorado". (Doc. # 15 at 2.)  This request suggests one of the rationales for dismissing Plaintiff's claims in the first place: the presence of an on-going state proceeding. (*See* Doc. # 12.)

Plaintiff essentially rehashes the same arguments raised first in his Motion for a Preliminary Injunction then again in his Objection to the Magistrate Judge's Recommendation. (Doc. ## 1, 2, 11.)  He does not cite to anything that would persuade the Court of the need to correct clear error or manifest injustice.  Accordingly, the Court DENIES both motions. (Doc. ## 14, 15.)

DATED: December __11__, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge