IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02355-CMA-MEH

MICHAEL L. MACGOWAN, JR.,

    Plaintiff,

v.

PETER STRAPP, individually and in his official capacity as
   Magistrate of the Combined Court of District 17, Adams County Colorado,
THOMAS ENSOR, individually and in his official capacity as
   Reviewing Judge of the Combined Court of District 17, Adams County Colorado, and
JOHN SUTHERS, Attorney General, in his capacity as the Attorney General
   for the State of Colorado,

    Defendants.

## ORDER DENYING PETITIONS TO REOPEN AND ENJOIN

Judgment was entered in this case on October 30, 2009. (Doc. # 13.) Plaintiff is now before the Court on two motions: a "Petition to Reopen Case" and "Petition to Enjoin Colorado Governor Bill Ritter, Jr." (Doc. ## 17, 18.)

Because these motions were filed more than ten days after the entry of judgment, the Court construes them as motions seeking relief from the judgment under Fed. R. Civ .P. 60(b). *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

"Rule 60(b) operates to relieve a party from judgment only upon such terms as are just. It is an extraordinary procedure that permits the court which rendered judgment to grant relief from the judgment upon a showing of good cause within the

rule." *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979).  "It is clearly not a substitute for appeal and must be considered with the obvious need for the finality of judgments." *Id.*

Plaintiff's claims were dismissed without prejudice on three separate grounds: *Younger* abstention doctrine as to all three Defendants[1], absolute immunity as to Defendants Ensor and Strapp, and failure to state a valid claim as to Defendant Suthers.  (*See* Doc. # 12 at 5-7.)

Plaintiff argues that because the state proceedings have to come to a close, the Court should reopen his case.  (Doc. # 17 at 1-2.)  Assuming, *arguendo*, that this fact resolved the *Younger* abstention issue, the other two grounds for dismissing Plaintiff's case – absolute immunity and failure to state a valid claim – would still remain.  Thus, the Court finds that Plaintiff has failed to show good cause to revisit its Judgment.

Accordingly,

The Court DENIES "Petition to Reopen Case" and "Petition to Enjoin Colorado Governor Bill Ritter, Jr."  (Doc. ## 17, 18.)

DATED:  February   11  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).